# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CARMEN DEVERA,**

        Plaintiff,

    -vs-                                                    **Case No. 11-C-951**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        Defendant.

# DECISION AND ORDER

Carmen Devera appeals the Social Security Commissioner's denial of her application for disability benefits. The Administrative Law Judge found that Devera suffers from status post cervical spine fusion and disorders of the lumbar spine. However, the ALJ found that Devera has the residual functional capacity to perform light work except that she is further limited to work requiring no more than occasional stooping, no more than frequent (not constant) bilateral handling or fingering with the upper extremities, and she must be allowed to sit or stand alternatively at will, provided she is not off task more than 10 percent of the work day.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000).

The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

An ALJ must give "controlling weight" to a treating source's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(d)(2). When a treating physician's opinion is rejected, the ALJ must offer good reasons for doing so. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). Here, the ALJ refused to give controlling weight to the opinion of Dr. Luis Galang. Even assuming that the ALJ's rejection of this opinion was appropriate, he still must decide what weight to give that opinion in light of the length, nature, and extent of the treatment relationship; frequency of examination; the physician's specialty; the types of tests performed; and the consistency and support for the physician's opinion. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). The ALJ failed to consider all of these factors, many of which suggest that Dr. Galang's opinion should be given more weight than the ALJ gave it. *Campbell* at 308. Remand is required because the Commissioner's decision lacks an adequate discussion on this issue. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Therefore, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 29th day of June, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**